FILED & ENTERED

JUN  3 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF               :
HECTOR MIGUEL REYES AYALA,     :      CASE NO.08-01176(SEK)

DEBTOR                         :      CHAPTER 13

---

## OPINION AND ORDER

The Trustee objects to the confirmation of the February 21, 2008, plan claiming Debtor should discontinue or justify his bi-weekly payroll deduction of $66.83, which may be disposable income that should be used to pay creditors under the proposed plan.  The Trustee argues documents produced in open court were insufficient to defeat his position.

At the hearing Debtor produced a pay stub reflecting the deduction of "$66.83 COT Re-13" and a copy of certificate number 139 issued by Secretary of the University of Puerto Rico Board of Trustees dated June 2, 2002, attached as Exhibits A and B.  His Counsel claimed Debtor obtained a new job as a professor at the university level, and agreed to a payment plan allowed by certificate 139 that would increase his pension upon retirement.

We took the matter under advisement in order to review Exhibits A & B and the law.

We agree with the Trustee.  Debtor must produce the agreement which results in the biweekly payroll deduction, as certificate 139 has several options.  We also note that absent

the agreement, we do not know when the deductions commenced and when these terminate. Lastly, "[i]n making this determination of whether or not pension contributions are reasonably necessary for an individual debtor, the bankruptcy judge may consider any factors properly before the court, including but not limited to: the age of the debtor and the amount of time until expected retirement; the amount of the monthly contributions and the total amount of pension contributions debtor will have to buy back if the payments are discontinued; the likelihood that buy-back payments will jeopardize the debtor's fresh start; the number and nature of the debtor's dependants; evidence that the debtor will suffer adverse employment conditions if the contributions are ceased; the debtor's yearly income; the debtor's overall budget; who moved for an order to discontinue payments; and any other constraints on the debtor that make it likely that the pension contributions are reasonably necessary expenses for that debtor." *New York Employees' Retirement Sys. v. Sapir, (In re Taylor)*, 243 F.3d 124, 129 (2d Cir.) cited in *In re Caraballo*, 328 B.R. 12, 16 (Bankr. D.P.R. 2005). These factors have not been addressed here.



WHEREFORE, THE Trustee's objection to the confirmation of the February 21st plan is granted. Debtor will show cause in thirty days why the case should not be dismissed for his failure to obtain confirmation of a repayment plan within a reasonable

period of time. Failure to file a timely answer may cause the

dismiss the case without a hearing.

**So Ordered**, in San Juan, Puerto Rico on June 2, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge

Case:08-01176-MCF13 Doc#:22 Filed:06/03/08 Entered:06/03/08 10:21:27 Desc: Main
Document Page 4 of 6

08-01176

Exhibit A

UNIVERSIDAD DE PUERTO RICO EN UTUADO, UTUADO, PUERTO RICO

| SALARIO | DEDUCCIONES | NETO | NUM. DE DEPOSITO | FECHA |
|---|---|---|---|---|
| $*2,092.00 | *1,322.56 | $***769.44 | 0033936 | 14/AGO/07 |

| SEGURO SOCIAL | MEDICARE | CONT. RETENIDA | RETIRO | AHORRO |
|---|---|---|---|---|
| ***129.71 | ****30.33 | ***196.79 | ***230.12 | ****62.76 |

```
    9.61 CRU AZUL
  415.16 PPRET UPR
  168.75 PREST AEG
   66.83 CDT RE-139
   10.00 APPU
    2.50 C. BENEFIC
```

| | SALARIO | CONT. RETENIDA | SEGURO SOCIAL | MEDICARE | RETIRO |
|---|---|---|---|---|---|
| ACUMULADOS | 39,976.05 | 3,213.34 | 2,479.52 | 579.65 | 3,075.00 |

| NUM. DE SEGURO SOCIAL | NOMBRE DEL EMPLEADO | SUP 11% C55 TOP $60K |
|---|---|---|
| -1086 | HECTOR M. REYES AYALA | AHORRO:****838.68 |

---

**UNIVERSIDAD DE PUERTO RICO EN UTUADO**
UTUADO, PUERTO RICO

No.

DEPOSITO DE NOMINA

CANTIDAD DEPOSITADA

| FECHA | NUM. DE DEPOSITO | CANTIDAD DEPOSITADA |
|---|---|---|
| 14/AGO/07 | 0033936 | ****769.44 |

**DEPOSITO DIRECTO**

A LA
CUENTA

SETECIENTOS SESENTA Y NUEVE DOLARES CON 44/100

HECTOR M. REYES AYALA
NUMERO 121-027-775-   -   -
CON EL BANCO BANCO POPULAR DE PR

**NO-NEGOCIABLE**



JUNTA DE SÍNDICOS
UNIVERSIDAD DE PUERTO RICO

*Exhibit B*

CERTIFICACIÓN NÚMERO 139
2001-2002

Yo, Héctor Huyke Souffront, Secretario de la Junta de Síndicos de la Universidad de

Puerto Rico, CERTIFICO QUE:

La Junta de Síndicos, en su reunión ordinaria del sábado, 1ro. de junio de 2002, previa recomendación de la Junta de Retiro y del Comité de Asuntos Financieros, acordó:

**A. Ofrecer a los empleados participantes del Sistema de Retiro la alternativa de elevar el sueldo máximo cotizable a $60,000, efectivo el 1 de julio de 2002 e incrementar dicho máximo cotizable automáticamente y en forma prospectiva en un 3% cada dos años, bajo los siguientes términos:**

**1. Los empleados participantes que opten por acogerse al beneficio deberán pagar, retroactivo desde el 1 de julio de 1979 al 30 de junio de 1998 la diferencia en aportaciones individuales a base del por ciento de aportación individual prevaleciente en ese período más intereses de un 8%, si su salario a partir de dicha fecha ha excedido el máximo cotizable previamente establecido de $35,000 ó $50,000.**

**2. A partir del 1 de julio de 1998, la aportación individual será un 11% sobre el salario computado hasta un máximo de $60,000. Los participantes que opten por acogerse deberán pagar retroactivo desde el 1 de julio de 1998 hasta el 30 de junio de 2002, la diferencia en el por ciento de aportación de entre un 11% y la aportación individual prevaleciente más intereses de un 8%.**

**3. Los empleados participantes que opten por acogerse al sueldo máximo cotizable de $60,000 y deseen, además, acogerse al plan de completa suplementación con el Seguro Social, deberán pagar la diferencia en aportaciones individuales a base de un 7%, e intereses a un 8% a partir del 1 de octubre de 1973 o la fecha en que comenzó como empleado, si es posterior, hasta el 30 de junio de 1998.**

PO BOX 23400, SAN JUAN, PUERTO RICO 00931-3400
TEL. (787) 758-3350, FAX (787) 758-7196



Página 2 de 2

**B.** Ofrecer a todos los empleados participantes la alternativa de cotizar al 11% hasta el sueldo máximo cotizable de $60,000, a partir del 1 de julio de 1998, para evitar el pago retroactivo de los intereses en el momento en que cualifiquen y opten por acogerse al beneficio que se describe en el inciso A.

**C.** Ratificar mediante esta certificación que la aportación individual, así como los beneficios de pensión y beneficios por muerte, serán calculados sobre el salario devengado por el empleado participante, hasta un máximo de $35,000, $50,000 ó $60,000, según haya cotizado.

**D.** "Autorizar al Sistema de Retiro a conceder a aquellos empleados participantes que así lo soliciten, un plan de pago cuyo término máximo no podrá exceder de sesenta (60) meses, el cual pueden continuar pagando después de la fecha de jubilación si se acogen a un seguro de vida. El seguro de vida garantizará el pago del balance deudor en la eventualidad del fallecimiento del empleado ya pensionado. El empleado deberá sufragar el costo del seguro."

Y PARA QUE ASÍ CONSTE, expido la presente Certificación en San Juan, Puerto Rico,

hoy 3 de junio de 2002



Héctor Huyke Souffront
Secretario